This is a conviction for driving an automobile while intoxicated; the punishment, a fine of $50.
Policemen of the city of El Paso arrested appellant for speeding in his automobile. His operator's license was requested by the officers and surrendered to them by appellant. The officers testified they noticed at the time that appellant had been drinking but, after warning him about speeding, permitted him to drive away. Through inadvertence, the operator's license was not at that time returned to appellant. Realizing that it had not been given back to him, appellant drove back to get the license. The manner in which he drove the automobile, in returning, caused the officers to conclude that he was intoxicated. He was then placed under arrest for driving while intoxicated.
Appellant was taken to the police station, where he voluntarily gave a specimen of his urine for examination and analysis for alcoholic content to determine whether he was intoxicated. The specimen was examined by a laboratory technician of the City-County Health Unit.
Upon the trial of the case the technician testified that the specimen showed an alcoholic content of .27 of one per cent, and expressed the further opinion that "the result obtained from a concentration of .27 of one per cent of alcohol in urine indicated a definite degree of intoxication in the person from whom the sample was taken."
The arresting officers testified that appellant was intoxicated and incapable of driving his automobile.
Notwithstanding appellant's admission that about an hour and a half or two hours prior to his arrest he had taken three drinks of whisky, he stoutly denied that he was drunk or under the influence of intoxicating liquor; he insisted that he was sober.
The jury was warranted in accepting the testimony of the state's witnesses and rejecting that of the appellant. The facts support the conviction. *Page 229 
To the testimony of the technician as to the result of the urinalysis and the opinion that such percentage of alcohol indicated a definite degree of intoxication in the appellant, appellant objected, because the witness was not shown to be qualified to so testify.
When expert testimony is offered, the qualification of the witness to so testify should be fully shown, not only to aid the court in determining the admissibility of the testimony but also to aid the jury in determining the weight to be given thereto.
It is sufficient, for instant purposes, to say that the trial court was authorized, in the exercise of his discretion, to permit the witness to testify as to the result of the urinalysis. There is no testimony, however, showing that the witness was qualified to express the opinion to the effect that appellant, because of the percentage of alcohol found in his urine, indicated a definite degree of intoxication. To be authorized to express such opinion the witness was, of necessity, required to have technical training as to the human body, the effect of alcohol thereon, and the degrees of intoxication produced by the use of alcohol. The witness did not profess to have knowledge, experience, or training touching such matters.
It is apparent, therefore, that the witness was not authorized to express the opinion as to appellant's intoxication. Inasmuch as the opinion expressed related directly to the sole issue before the jury, reversible error is manifest.
For the reasons stated, the judgment is reversed and the cause is remanded.
Opinion approved by the court.