CITY OF LUBBOCK, Texas, and its Board of Civil Service Commissioners, and its Chief of Police, J. T. Alley, Appellants,

v.

Robert ESTRELLO, Appellee.

No. 8960.

Court of Civil Appeals of Texas, Amarillo.

April 30, 1979.

Rehearing Denied May 29, 1979.

Fred O. Senter, Jr., City Atty., James P. Brewster, Trial Atty., J. Worth Fullingim, Asst. City Atty., Lubbock, for appellants.

Bill M. Wischkaemper, Lubbock, for appellee.

ROBINSON, Chief Justice.

Robert Estrello brought suit to set aside an order of the City of Lubbock Civil Service Commission indefinitely suspending and permanently dismissing him from his position as an officer of the Lubbock Police Department. The trial court rendered judgment that the Commission's order be set aside and that Estrello be reinstated to his former position. Defendants, City of Lubbock, *et al.*, appeal challenging the trial court's conclusions of law that the Lubbock Civil Service Rules under which Estrello was suspended were too vague and indefinite to afford him due process of law and that there was not substantial evidence to support the findings of the Commission. Reversed and rendered.

On June 4, 1976, J. T. Alley, Chief of Police for the City of Lubbock, issued an order indefinitely suspending Officer Estrello for violations of Lubbock Civil Service Rule XIV, section 54, paragraphs (f) and (i). The relevant portion of Rule XIV follows:

### RULE XIV—DISMISSAL

*Section 53. Order for Suspension*: When it is the intention of the department head to discharge an employee in the classified service, he shall first enter an order for indefinite suspension without pay.

*Section 54. Grounds for Dismissal or Suspension*: The following shall constitute the only valid grounds for dismissal or suspension of a civil service employee:

\* \* \* \* \* \*

(f) Commission of acts showing lack of good moral character.

\* \* \* \* \* \*

(i) Conduct prejudicial to good order.

*Section 55. Commission Finding*: No employee shall be suspended or dismissed by the Commission except upon a finding by the Commission of the truth of the specific charges against him.

The order specifically charged that Estrello, while on duty on June 1, 1976, was talking on a handset telephone connected by wires and alligator clips to a telephone terminal box attached to the rear of the building where Associates Financial Services Company had its offices. The order stated that Estrello was not authorized by either Southwestern Bell Telephone Company or Associates Financial Services Company to use such telephone facilities; that his acts amounted to an unauthorized and fraudulent use of the telephone equipment or system; and that by his acts he engaged in conduct prohibited by Section 31.04 of the Texas Penal Code.

Section 31.04. Theft of Service provides:

(a) A person commits theft of service if, with intent to avoid payment for service that he knows is provided only for compensation:

(1) he intentionally or knowingly secures performance of the service by deception, threat, or false token;

(2) having control over the disposition of services of another to which he is not entitled, he intentionally or knowingly diverts the other's services to his own benefit or to the benefit of another not entitled to them. . . .

Tex.Penal Code Ann. § 31.04 (Vernon Supp. 1978–1979).

Estrello appealed to the Lubbock Civil Service Commission. A full hearing, at which Estrello was represented by counsel, was held. Evidence of each of the facts alleged in the suspension order was adduced. A police sergeant testified that about 3:30 on the morning in question he noticed a marked patrol unit parked behind the Associates Financial Services Company about one foot from the building. As his lights hit the unit he saw Officer Estrello sitting behind the steering wheel. It appeared to him that Officer Estrello had some type of telephone in his hand and that he was talking on it. The sergeant testified as follows:

> I got out of my unit, walked around to the driver's side of his. He was facing the east right up against the back of that building. I got out of my unit and I could see the wires coming out of the window of his attached to one of the telephone boxes that was attached to the back of the building. There were two of them there, one approximately 6 inches below the other. He had the bottom one open and these wires were attached to two terminals inside this box. As I walked up to his car, he took—he just put the telephone down in his lap. It was still attached to the building. I got hold of the phone and I pulled it out by the wires and as I got the telephone out of his car, Officer Estrello reached out and just undid the alligator clips—that is how it was attached—from this terminal box.

> I asked him what he was doing, and he said, "I was calling IHOP to order my breakfast so it would be ready when I got there."

Further, Estrello testified to his use of the handset. He testified that he bought the handset at a surplus center in Alaska when he was in the Army Signal Corps; that he was attempting to call a restaurant to order breakfast; and that he had received a busy signal. It is undisputed that he was not authorized to use the telephone facilities.

The Civil Service Commission issued its order, upholding and affirming the Police Chief's order, and permanently dismissed Estrello from the service as a police officer. Estrello sought review in the district court. By agreement, the evidence in district court was limited to the transcript of the proceedings and evidence before the Commission. The district court set aside the order of the Civil Service Commission, reinstated Estrello to his former position as a police officer and awarded him full pay, allowances, and fringe benefits from the date of suspension to the date of reinstatement. Defendants appeal from the district court judgment.

The scope of judicial review by the district court is limited by the substantial evidence rule. In applying the substantial evidence rule the court considers all of the evidence and may evaluate such evidence, but does not pass upon the preponderance of the evidence. *Firemen's & Policemen's Civil Service Commission of San Antonio v. Shaw*, 306 S.W.2d 160, 163 (Tex.Civ.App.— San Antonio 1957, writ ref'd n. r. e.). The standard to be applied is whether reasonable men might, from the evidence, reach the conclusion which the agency reached. *Cusson v. Firemen's & Policemen's Civil Service Commission of San Antonio*, 524 S.W.2d 88, 90 (Tex.Civ.App.—San Antonio 1975, no writ). The reviewing court is concerned with a reasonableness of the action, rather than with its "rightness." *Id.* at 90. The court may not substitute its judgment for that of the administrative agency. The decision of the administrative agency should be accepted unless there is no substantial evidence on the record as a whole to support it. *Watson v. Gulf Stevedore Corp.*, 400 F.2d 649, 651 (5th Cir. 1968), *cert. denied*, 394 U.S. 976, 89 S.Ct. 1471, 22 L.Ed.2d

755 (1969). Thus, the trial court can set aside the order of the Commission only if the evidence as a whole shows that reasonable men could not have reached the conclusion that the Commission reached.

In the case before us, some evidence in the record supports each of the specific allegations in the order of suspension. Most of the evidence was uncontroverted. After reviewing the entire record, we are of the opinion that a finding by the Civil Service Commission that Estrello committed the alleged acts is supported by substantial evidence.

We next consider whether paragraphs (f) and (i) of Lubbock Civil Service Rule XIV section 54 are so vague and indefinite that Estrello was denied due process of law. Rule XIV follows the Tex.Rev.Civ.Stat. Ann. art. 1269m (Vernon 1963). Section 5 of article 1269m provides that the Civil Service Commission shall make rules and regulations prescribing what shall constitute cause for removal or suspension of policemen and that no such rule shall be valid unless it involves one or more of certain named grounds. Included in the named grounds are acts of employees showing a lack of good moral character and conduct prejudicial to good order. Section 16 of article 1269m sets out the procedure for indefinite suspension. It provides:

> The written statement above provided to be filed by the department head with the Commission, shall not only point out the civil service rule alleged to have been violated by the suspended employee, but shall contain the alleged acts of the employee which the department head contends are in violation of the civil service rules. It shall not be sufficient for the department head merely to refer to the provisions of the rules alleged to have been violated and in case the department head does not specifically point out the act or acts complained of on the part of such employee, it shall be the duty of the Commission promptly to reinstate him. . . . No employee shall be suspended or dismissed by the Commission except for violation of the civil service rules, and

except upon a finding by the Commission of the truth of the specific charges against such employee.

In *City of Wichita Falls v. Harris*, 532 S.W.2d 653 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.), the court considered the constitutionality of article 1269m. In that case a fireman was charged with violating a rule proscribing "conduct unbecoming a gentleman and/or prejudicial to good order." Following the general statement the order specified the hour, date, and the specific acts made the basis of the suspension. The court held that under the facts of the case the grounds for suspension given by the Fire Chief were not unconstitutionally vague and sustained the City's point of error that the trial court erred in holding that section 5 of article 1269m was "unconstitutionally vague and general and invalid."

The court in *Harris* cited and adopted the following language from *Bolieu v. Firemen's & Policemen's Civil Service Com'n*, 330 S.W.2d 234, 236 (Tex.Civ.App.—San Antonio 1959, writ ref'd n. r. e.):

> We do not hold that such civil service hearings are subject to the stringency of the criminal law, but only that Section 5 of Article 1269m recognizes that the general charge supported by specific acts is a suitable procedure for a profession which demands a state of readiness, strict discipline, and a measure of obedience and valor not expected in ordinary callings. 62 C.J.S. Municipal Corporations § 606a.

In *City of Wichita Falls v. Fowler*, 555 S.W.2d 920 (Tex.Civ.App.—Fort Worth 1977, no writ), the court held that a rule adopted pursuant to article 1269m, section 5 and proscribing "conduct unbecoming to a gentleman and/or prejudicial to good order" was not unconstitutionally vague. In so holding the court cited and followed *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), in which a federal statute authorizing removal "[only for] such cause as will promote the efficiency of the service" was held to be not unconstitution-

ally vague. In *Arnett*, Justice Rehnquist stated:[1]

Congress sought to lay down an admittedly general standard, not for the purpose of defining criminal conduct, but in order to give myriad different federal employees performing widely disparate tasks a common standard of job protection.

\* \* \* \* \* \*

Because of the infinite variety of factual situations in which public statements by Government employees might reasonably justify dismissal for "cause," we conclude that the Act describes, as explicitly as is required, the employee conduct which is ground for removal.

*Id.* at 159–61, 94 S.Ct. at 1647–1648, 40 L.Ed.2d 36–37.

In *Fowler*, supra, the court also found that the rule was not vague as applied to the specific conduct in that case. The court stated:

Nor do we think that the rule is unconstitutional as applied. The conduct in which the commission found Fowler engaged might well be punishable under Tex.Penal Code Ann. § 42.01(a)(1) which prohibits as "disorderly conduct" the use of "abusive, indecent, profane, or vulgar language in a public place [where] the language by its very utterance tends to incite an immediate 'breach of the peace.' "

*Id.* at 925.

The courts recognize that a statute may be vague as to some conduct while other conduct is clearly within its ambit. For example, in *Allen v. City of Greensboro, North Carolina*, 452 F.2d 489 (4th Cir. 1971), a policeman was charged with making improper advances toward a young woman during an official investigation. He was disciplined under a regulation prohibiting "conduct unbecoming an officer and a gentleman." The court, in overruling a contention that the regulation was unconstitutionally vague, said:

While the argument that the regulation prohibiting conduct "unbecoming an officer and a gentleman" is so vague as to provide no guidance to police officers in ascertaining the proper standard of conduct may well be valid under other circumstances, we agree with the district court that under the particular facts of this case it is without merit.

*Id.* at 491. *See also Paulos v. Breier*, 507 F.2d 1383 (7th Cir. 1974).

One whose conduct is clearly within a statute may not challenge it for vagueness. *Parker v. Levy*, 417 U.S. 733, 756, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). Thus, the question for our determination is whether the regulations would give a reasonable man notice that a police officer was prohibited from doing the acts with which Estrello was charged.

 Estrello was charged with violation of regulations prohibiting acts showing lack of good moral character and conduct prejudicial to good order by the commission, in the course of duty, of acts which constitute theft under section 31.04 of the penal code. We are of the opinion that a reasonable man would have had fair notice that those acts were prohibited under the regulations in question. We conclude that the regulations were not unconstitutionally vague as applied to the acts with which Estrello was charged. Estrello does not have standing to assert that the regulations might be vague as to some other conduct by some other employee. Further, we find that there was substantial evidence to support the findings of the Commission.

Accordingly, the judgment of the trial court is reversed and judgment rendered affirming the order of the Civil Service Commission.