Charles F. **ALLEN**, Appellant,

v.

**CITY OF GREENSBORO, NORTH CAROLINA**, Appellees.

No. 71–1361.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 6, 1971.

Decided Dec. 30, 1971.

Norman B. Smith, Greensboro, N. C. (Smith & Patterson, and Marion G. Follin, III, Greensboro, N. C., on brief), for appellant.

W. L. Thornton, Jr., Asst. Atty., City of Greensboro, N. C. (Jesse L. Warren, Greensboro, N. C., on brief), for appellees.

Before CRAVEN and BUTZNER, Circuit Judges, and DUPREE, District Judge.

CRAVEN, Circuit Judge:

This is an appeal from a decision of the district court, 322 F.Supp. 873, that denial of the right to counsel and confrontation in a police disciplinary hearing did not amount to an unconstitutional denial of due process of law. The district court also concluded that the defendant's regulation prohibiting conduct "unbecoming an officer and a gentleman" was not unconstitutionally vague under the due process clause of the Fourteenth Amendment. We affirm.

A General Board of Inquiry was convened pursuant to the regulations of the Greensboro Police Department to investigate charges that Detective Allen had made improper advances toward a young woman in connection with and during the course of an official investigation. Allen was not represented by counsel at the hearing, nor did he ask for permission to have counsel. He knew of the departmental regulation purporting to prohibit such representation. The complaining witness was not present at the hearing and her version of the incident was read by an investigating officer. The defendant agreed that this version was "basically true." The General Board of Inquiry found Allen guilty of conduct unbecoming an officer and gentleman and recommended to the Chief of Police that he be demoted to Patrolman I at an annual salary reduction of $840 and that he be transferred from the Youth Division to the Uniformed Patrol Division. The Chief adopted the recommendation. Allen claims that the denial of counsel and his inability to cross-examine the complaining witness violated Fourteenth Amendment procedural due process and that the regulation under which he was charged is unconstitutionally vague.

■ We do not agree with the district court's conclusion that the General Board of Inquiry is an investigative rather than an adjudicatory body. It seems to us to serve both functions. That the Chief of Police, who is actually charged with the maintenance of discipline in the force, adopted its "verdict" (sic) and recommendation without change is not without significance. We, therefore, think that proceedings before this General Board of Inquiry must conform to minimal standards of procedural due process. This does not mean that all of the procedural machinery of a criminal trial must be incorporated into the hearing procedure, but rather that the hearing be fair. In Re Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955). On the peculiar facts of this case we think the hearing was fair.

■ Allen had admitted to the investigating officer that the facts which the complaining witness had stated were true. Confrontation is of little help in such a situation. Despite the vagueness of the "charge", he knew precisely what he was accused of having done. In administrative procedures we think we need not read the charge as if it were an indictment but may realistically consider whether there was actual notice, formal or informal, of the accusation. Allen was given timely notice of the hearing and the opportunity to present his version of the incident and question any witness present.[1]

■ The more difficult problem is the purported denial of the right to counsel by police department regulation. It is commonplace that many regulations of business and government are not enforced, are, indeed, not even remembered. Revision of regulations is constant in a complex society to conform to actual practice and to changing notions of practicality and fairness. The district court found as a fact that Allen desired to be represented by counsel but did not request it because he knew of the departmental regulation forbidding the appearance of counsel at the hearing. While courts should not require fu-

_____

1. The Board has no subpoena power and any witnesses, including the complaining witness, must appear voluntarily.

tile gestures for the sake of form, we might have a different case had Allen requested that counsel be allowed to be present. While we do not charge Allen with acquiescence to a possibly unconstitutional regulation, it is not irrelevant, we think, that he failed to protest it. Regulations are not immutable. Sometimes they are ignored; sometimes even forgotten. Whether this one was a current regulation or a very old one is not disclosed. If counsel had accompanied Allen to the hearing it is not impossible that the Board then and there might have been convinced of the constitutional invalidity of a regulation forbidding representation, or, at least, its inexpediency.[2] Even in the criminal area, Escobedo v. Illinois, 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977 (1964), was triggered by the presence of a lawyer physically denied access to his client.

We think it important that administrative bodies be given the opportunity to reconsider and waive regulations that may not have been considered in depth at time of adoption. The rule of exhaustion of administrative remedies is not empty formalism. It is undergirded by a real expectation that the people who make up administrative bodies will more often than otherwise try to be fair with the people with whom they deal. We think that a resolution of the difficult question of whether such fairness requires representation by counsel at a disciplinary hearing should await firm and considered denial by the Police Department.[3]

■ Allen also contends that the regulation under which he was charged is unconstitutionally vague. While the argument that the regulation prohibiting conduct "unbecoming an officer and a gentleman" is so vague as to provide no

guidance to police officers in ascertaining the proper standard of conduct may well be valid under other circumstances, we agree with the district court that under the particular facts of this case it is without merit. We have already noted that Allen knew the precise nature of the charge. Without any regulation whatsoever plaintiff's conduct here could have been properly subjected to departmental disciplinary action.

The judgment of the district court is Affirmed.

---

2. At the appeal stage before the City Manager no objection was interposed to Allen's representation by counsel.

3. In a case-by-case development and clarification of the constitutional right to counsel in the administrative area, the courts may have to recognize and draw lines dependent upon the extent of administra-

tive power. Here, unlike the disciplinary proceeding involved in Grabinger v. Conlisk, 320 F.Supp. 1213 (D.Ill.1970), where the maximum penalty that could be recommended was a suspension for less than 31 days, the General Board of Inquiry could recommend punishment ranging up to outright dismissal.