No. 84–1230. City of North Muskegon et al. *v.* Briggs. C. A. 6th Cir. Motion of respondent for leave to proceed *in forma pauperis* granted. Certiorari denied. 

Justice White, with whom The Chief Justice and Justice Rehnquist join, dissenting.

In 1977, respondent Briggs, then a married police officer separated from his wife, maintained an intimate relationship with a woman married to another man, and moved into an apartment

with her. After this living arrangement was brought to the attention of the Police Chief, respondent was suspended from the Police Department for conduct unbecoming an officer. When respondent continued his conduct, he was informed that it violated state law, and he was discharged. The disciplinary sanctions were upheld by petitioner city's City Council.

Respondent sued, claiming that his discharge amounted to an unlawful violation of his civil rights. 563 F. Supp. 585 (WD Mich. 1984). The District Court and Court of Appeals for the Sixth Circuit rejected the argument that respondent's activities were prohibited by state statutes forbidding adultery and lewd and lascivious cohabitation. Those courts also found that respondent's fundamental right of sexual privacy was infringed. Respondent was awarded $35,000 in compensatory damages, and this award was upheld on appeal. 746 F. 2d 1475 (1984).

The decision below stands in marked contrast to .that issued by another Federal Court of Appeals. In *Shawgo* v. *Spradlin*, 701 F. 2d 470 (1983), cert. denied *sub nom. Whisenhunt* v. *Spradlin*, 464 U. S. 965 (1983), the Fifth Circuit held that unmarried police officers could be disciplined for cohabiting with each other. Despite that in *Shawgo* there was no allegation of violation of state law, the Court of Appeals there ruled that any right to privacy implicated was qualified and was overridden by the governmental interests at stake in running a police department.

The difference between the approaches of these two federal courts is evidence of a broader disagreement over whether extramarital sexual activity, including allegedly unlawful adulterous activity, is constitutionally protected in a way that forbids public employers to discipline employees who engage in such activity. Compare, *e. g.*, *Baron* v. *Meloni*, 556 F. Supp. 796 (WDNY 1983); *Suddarth* v. *Slane*, 539 F. Supp. 612 (WD Va. 1982); *Johnson* v. *San Jacinto Junior College*, 498 F. Supp. 555 (SD Tex. 1980), with *Baker* v. *Wade*, 553 F. Supp. 1121, 1140 (ND Tex. 1982); *New York* v. *Onofre*, 51 N. Y. 2d 476, 487, 415 N. E. 2d 936, 940 (1980), cert. denied, 451 U. S. 987 (1981); *Drake* v. *Covington County Board of Education*, 371 F. Supp. 974, 978–979 (MD Ala. 1974) (three-judge court).

This case presents an important issue of constitutional law regarding the contours of the right of privacy afforded individuals for sexual matters. It is an issue over which courts are divided, and I would grant certiorari to address it squarely.