958 F.2d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David A. DUSENBURY, Plaintiff-Appellee,
v.
William F. STOVALL, Charles W. Clark, Jack O'Neil,
Defendants-Appellants.
 No. 91-55504.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1992
Decided March 19, 1992.
 
 Before ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Fellow officers Charles W. Clark and Jack O'Neil, and former officer William F. Stovall, appeal the district court's denial of their motion to dismiss, on the ground of qualified immunity, a 42 U.S.C. § 1983 action brought by David A. Dusenbury, Deputy Chief of the Long Beach Police Department.[1] Dusenbury alleges that Clark, O'Neil, and Stovall invaded his right of privacy and freedom of intimate association by inquiring into his private life, including social relations with members of the opposite sex, during an investigation to determine whether he had used his official position to assist convicted persons, knowingly hired a person with a criminal record as his secretary, and consorted with females with known criminal histories. Because no authority has ever held that the right of privacy protects a police officer from inquiry into aspects of his personal life that impact on his public duties, and because the unlawfulness of an investigation of the type alleged was not apparent, Dusenbury has failed to carry his burden of showing that the right alleged to have been violated was clearly established at the time of the investigation.
 
 
 3
 Accordingly, we reverse.
 
 
 4
 * A
 
 
 5
 In determining whether a government official is shielded by qualified immunity, "[t]he threshold question, which is a question of law, is '[w]hether at the time of the challenged action the legal norm allegedly violated by an official was clearly established.' " Barlow v. Ground, 943 F.2d 1132, 1139 (9th Cir.1991) (quoting Brady v. Gebbie, 859 F.2d 1543, 1556 (9th Cir.1988), cert. denied, 489 U.S. 1100 (1989)). The plaintiff bears the burden of proof, Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir.1991), and must make a somewhat "particularized" showing that the "contours of the right" alleged to have been violated were "sufficiently clear that a reasonable official would understand that what he [wa]s doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). We review the qualified immunity question de novo. Tomer v. Gates, 811 F.2d 1240, 1241 (9th Cir.1987).
 
 B
 
 6
 Dusenbury's complaint charges that Clark and O'Neil began their investigation in November, 1988, after receiving an anonymous letter accusing Dusenbury of various improprieties. Dusenbury alleges that Clark and O'Neil inquired into his private life, including his association with members of the opposite sex, by pursuing allegations that he had "(a) used his official position in the assistance of convicted persons; (b) knowingly hired as his secretary a person with a criminal record; and (c) had social relations with female persons with known extensive criminal histories."
 
 
 7
 Dusenbury argues that Thorne v. City of El Segundo, 726 F.2d 459 (9th Cir.1983) ("Thorne I "), cert. denied, 469 U.S. 979 (1984), together with a number of out-of-circuit cases,[2] established the right of a police officer to privacy in matters concerning his personal life. We do not disagree that by 1988, a number of cases had recognized that "private, off-duty, personal activities" that are not job-related may be protected by the constitutional guarantees of privacy and free association. See, e.g., Thorne I, 726 F.2d at 470-71. Neither Thorne I nor any other case called to our attention, however, had held that private, off-duty, personal activities that impact upon a police officer's on-the-job performance are constitutionally protected. Id. ("In the absence of any showing that private, off-duty, personal activities of the type protected by the constitutional guarantees of privacy and free association have an impact upon an applicant's on-the-job performance," reliance on these non-job-related considerations in rejecting an applicant for employment is constitutionally impermissible). Thorne I cannot support Dusenbury's complaint because neither of the first two areas of the alleged investigation involves "private, off-duty, personal activities," and all three areas bear strongly on Dusenbury's job performance.
 
 
 8
 Nor would the unlawfulness of the investigation alleged by Dusenbury have been apparent in light of the law as it stood in 1988. See Anderson, 483 U.S. at 640. To the contrary, we noted in Fugate v. Phoenix Civil Serv. Bd., 791 F.2d 736, 741 (9th Cir.1986), that Thorne I 's protections of the right of privacy in sexual activities of an officer did not extend so far as to cover "sexual behavior that is not purely private, that compromises a police officer's performance, and that threatens to undermine a police department's internal morale and community reputation." And in Fleisher v. City of Signal Hill, 829 F.2d 1491, 1499 (9th Cir.1987), cert. denied, 485 U.S. 961 (1988), we held that the right of privacy does not protect "sexual conduct that is concededly illegal [statutory rape committed when the officer was previously an Explorer Scout with the police department], that implicates a police officer candidate's ability to perform effectively as an officer, and that adversely affects a police department's morale and community reputation."[3]
 
 
 9
 Out-of-circuit cases, including those upon which Dusenbury relies, likewise acknowledged that a police department has "a legitimate interest in the personal sexual activities and living arrangements of its officers where such activities affect their job performance." Briggs, 563 F.Supp. at 591; see, e.g., Wilson, 733 F.2d at 1544 n. 3 ("We do not hold that a law enforcement officer may never be fired because of associations with others."); Shuman, 470 F.Supp. at 459 ("[T]he Police Department has an interest [in] and may legitimately investigate some areas of personal, sexual activities engaged in by its employees where those activities impact upon job performance."); Baron v. Meloni, 556 F.Supp. 796, 798-800 (W.D.N.Y.1983) (no privacy or association rights for police officer terminated for associating with wife of reputed mobster), supplemental opinion on remand, 602 F.Supp. 614 (W.D.N.Y.), aff'd without opinion, 779 F.2d 36 (2d Cir.1985), cert. denied, 474 U.S. 1058 (1986); Kukla v. Village of Antioch, 647 F.Supp. 799, 808 (N.D.Ill.1986) (in order to fire two employees for cohabitation, police department need only have reasonable belief that conduct would significantly impair job performance); see also Shawgo v. Spradlin, 701 F.2d 470, 483 (5th Cir.), cert. denied, 464 U.S. 965 (1983) (no authority to support claim that constitutional right of privacy was violated by investigatory surveillance of police officers' off-duty association).
 
 
 10
 Given the state of the law, then, it cannot be said that any right of privacy in off-duty matters that impact on-duty performance was clearly established at the time of the investigation. Cf. Thorne v. City of El Segundo, 802 F.2d 1131, 1138-40 (9th Cir.1986) ("Thorne II ") (noting "continued disagreement about the nature and scope of constitutional protection" from an employer's inquiry into personal, sexual matters that have no bearing on job performance). For this reason, Clark and O'Neil are entitled to qualified immunity.
 
 II
 
 11
 In the event of reversal, Dusenbury asks that we remand with instructions that he be given leave to amend. Apparently, he would like to expand on allegations that the internal affairs investigation went beyond charges made in the anonymous letter and was therefore pretextual. This would be Dusenbury's fourth complaint, and we see no basis upon which he could amend around the facts already averred (charging an inquiry into private matters that were job-related) so as to defeat qualified immunity. Even if the investigating officers' pursuit extended beyond the allegations in the anonymous letter and was more detailed and extensive than set forth in the Second Amended Complaint, Dusenbury has pointed to no authority that was clearly established at the time the investigation took place that would render the conduct of these officers objectively unreasonable. Accordingly, we decline to order another opportunity to plead.
 
 
 12
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We dismiss Stovall's appeal for lack of standing. Because he concedes that he was not a police officer at the time he participated in the investigation, he is not entitled to qualified immunity
 
 
 [2]
 See, e.g., Wilson v. Taylor, 733 F.2d 1539, 1544 (11th Cir.1984) (police department violated officer's First Amendment right of association by firing him for dating daughter of reputed mobster); Briggs v. North Muskegon Police Dep't, 563 F.Supp. 585, 590-92 (W.D.Mich.1983) (in absence of showing of adverse effect on job performance, department violated officer's privacy rights by firing him for "cohabiting" with woman), aff'd without opinion, 746 F.2d 1475 (6th Cir.1984), cert. denied, 473 U.S. 909 (1985); Shuman v. City of Philadelphia, 470 F.Supp. 449, 459 (E.D.Pa.1979) (inquiry into "private, off-duty personal activities" unrelated to job performance violates right of privacy). But see IDK, Inc. v. Clark County, 836 F.2d 1185, 1192-93 (9th Cir.1988) (casting doubt on Wilson's reliance on First Amendment in light of Roberts v. United States Jaycees, 468 U.S. 609, 622-23 (1984) (First Amendment freedom of association protects groups whose purposes are expressive)); Swank v. Smart, 898 F.2d 1247, 1252 (7th Cir.) (same), cert. denied, 111 S.Ct. 147 (1990)
 
 
 [3]
 We also noted in that case, decided in 1987, that "[t]hus far, the Supreme Court has only extended the right of privacy to unmarried individuals in cases involving contraception and abortion." Id. at 1497