**Melissa BATES and John Mahoney, Plaintiffs–Appellants,**

v.

**Frank BIGGER, John Thompson, Ray McDonald, Dennis Barry, Richard Onorati, and Richard Denehy, Defendants–Appellees.**

**Docket No. 02–7416.**

United States Court of Appeals, Second Circuit.

Dec. 26, 2002.

---

Michael H. Sussman, Goshen, NY, for Appellants.

James V. Galvin, MacVean, Lewis, Sherwin & McDermott, P.C., Middletown, NY, for Appellee Richard Denehy.

Patrick T. Burke, Burke, Miele & Golden, L.L.P. (Michael K. Burke, of counsel), Goshen, NY, for All Other Appellees.

Present NEWMAN, SACK, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

The plaintiffs appeal from the district court's March 14, 2002, grant of summary judgment to the defendants. *See Bates v. Bigger*, 192 F.Supp.2d 160 (S.D.N.Y.2002). The plaintiffs, who are deputy sheriffs in the Orange County Police Department ("the Department"), brought suit under 42 U.S.C. § 1983 against the defendants, who are the Department's sheriff and other senior employees of the Department. The plaintiffs alleged that the defendants violated their First Amendment rights of intimate association and petition by retaliating against them for their extramarital sexual relationship and for their complaints of discrimination because of that relationship.

The district court dismissed the plaintiffs' intimate association claim against defendant Denehy on the basis of qualified immunity. *Id.* at 170–71. Although the

district court asserted that qualified immunity would also protect the defendants other than Denehy ("the Department defendants"), *id.* at 171 n. 21, the district court dismissed the intimate association claim against the Department defendants on another ground: that the plaintiffs failed to offer evidence that would allow a reasonable jury to conclude that any actions by the defendants were taken in retaliation for the plaintiffs' relationship. *Id.* at 168–69. In dismissing the plaintiffs' right to petition claim, the district court concluded that the plaintiffs' grievances were not protected under the First Amendment because they did not involve matters of "public concern." *Id.* at 171–73.

After reviewing the record *de novo, see Schnabel v. Abramson,* 232 F.3d 83, 86 (2d Cir.2000), we affirm the district court's dismissal of the complaint.

█ On the intimate association claim, the defendants are protected by qualified immunity. Qualified immunity "come[s] into play if, at the time of the alleged misconduct, defendants were not acting in violation of clearly established law." *Patel v. Searles,* 305 F.3d 130, 138 (2d Cir.2002). Typically, this analysis involves two steps: "First, we address the threshold question of whether the ... complaint alleges the deprivation of an actual constitutional right. If it does, we then decide whether the right was clearly established at the time of the officers' alleged misdeeds." *Id.* at 135 (citation omitted). "[W]here we are convinced that the purported constitutional right violated is not 'clearly established,'" however, "we retain the discretion to refrain from determining whether, under the first step of the test, a constitutional right was violated at all." *Koch v. Town of Brattleboro,* 287 F.3d 162, 166 (2d Cir. 2002) (citing *Horne v. Coughlin,* 191 F.3d 244 (2d Cir.), *cert. denied,* 528 U.S. 1052, 120 S.Ct. 594, 145 L.Ed.2d 493 (1999)).

We may exercise that discretion where, as here, we have no reason to believe that " 'the question will escape federal court review over a lengthy period.' " *See id.* (quoting *Horne,* 191 F.3d at 249).

The purported constitutional right in this case is not "clearly established." For a right to be "clearly established" for purposes of qualified immunity analysis, " '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " *Patel,* 305 F.3d at 139 (citation omitted). Although we have recognized a right to intimate association under the First Amendment, *see, e.g., id.* (citing *Roberts v. United States Jaycees,* 468 U.S. 609, 617–18, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984)), we have not decided whether this right applies to persons whose intimate relationship is adulterous. Nor has the Supreme Court ruled on the question. *Cf. City of N. Muskegon v. Briggs,* 473 U.S. 909, 910, 105 S.Ct. 3535, 87 L.Ed.2d 659 (1985) (White, J., dissenting from denial of certiorari) (observing that courts have been divided over whether adulterous sexual relations were constitutionally protected in a way that would forbid public employers from disciplining their employees for such relations). The contours of such a right, if it exists, are therefore not "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Patel,* 305 F.3d at 135 (citation and internal quotation marks omitted).

Qualified immunity is not a defense to claims for equitable relief. *Adler v. Pataki,* 185 F.3d 35, 48 (2d Cir.1999). Although the complaint includes a request that the court "enjoin defendants from continuing to engage in retaliation against plaintiffs as set forth above" (Compl. at 6), the plaintiffs have not pressed that request either in the district court or on appeal.

**530**

We see nothing that would preclude plaintiffs from seeking such relief hereafter should it become appropriate for them to do so.

We need not and do not reach the district court's other ground for dismissal of the intimate association claim against the Department defendants.

█ The district court rightly dismissed the right to petition claim because the plaintiffs' grievances do not implicate matters of public concern. As we have noted, "The First Amendment right to petition the government for a redress of grievances, which is 'an assurance of a particular freedom of expression,' is 'generally subject to the same constitutional analysis' as the right to free speech." *White Plains Towing Corp. v. Patterson*, 991 F.2d 1049, 1059 (2d Cir.1993) (quoting *McDonald v. Smith*, 472 U.S. 479, 482, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985); *Wayte v. United States*, 470 U.S. 598, 610 n. 11, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985)). "The determination whether a public employer has properly [disciplined] an employee for engaging in speech requires a balance between the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Id.* at 1058 (quoting *Rankin v. McPherson*, 483 U.S. 378, 384, 107 S.Ct. 2891, 97 L.Ed.2d 315 (1987) (quoting *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968))) (internal quotation marks omitted); *see Knight v. Connecticut Dept. of Public Health*, 275 F.3d 156, 163 (2d Cir.2001). When asserting a violation of the right to petition, a plaintiff bears the burden of showing that his or her "speech can be fairly characterized as constituting speech on a matter of public concern." *Piesco v. Koch*, 12 F.3d 332, 342 (2d Cir.

1993) (citations and internal quotation marks omitted). Individual complaints of discrimination, which do not allege system-wide discrimination, do not involve matters of public concern. *See Pappas v. Giuliani*, 290 F.3d 143, 152 (2d Cir.2002) (McMahon, J., concurring); *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 143 (2d Cir.1993). The plaintiffs have failed to produce evidence that their grievances involved more than individual complaints of discrimination. Their grievances therefore do not involve matters of public concern, and their claim of a violation of their right to petition fails.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.