Charles M. HARLESS, Appellant,

v.

George W. BICHSEL et al., Appellees.

No. 13501.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 30, 1959.

Frank D. Masters, San Antonio, for appellant.

Carlos C. Cadena, City Atty., Charles L. Smith, Asst. City Atty., San Antonio, for appellees.

POPE, Justice.

Charles M. Harless, a policeman, has appealed from a judgment of the District Court which upheld the decision of the Civil Service Commission permanently suspending him. The San Antonio Chief of Police, by a written statement, as required by Article 1269m, § 16, Vernon's Ann.Civ.Stats., charged Harless with physically and verbally abusing a prisoner. Those charges were upheld, first by the Civil Service Commission and then by the District Court. Harless' attack, in each proceeding and here, is against the legality and adequacy of the statement and not on the truth of the charges. He argues (1) that the city has never adopted Civil Service Rules, (2) that the statement is grounded upon a violation of Personnel Rules which apply only to employees in the classified service, that he is in the unclassified service, and (3) that the statement is uncertain in stating what rule he has violated. None of the complaints against the statement are valid.

■ San Antonio has adopted Civil Service Rules. To prove that the city has no Civil Service Rules, Harless offered a pleading in a former District Court case in which the city argued that there were no such rules. The pleading came from the case of City of San Antonio v. Handley, Tex.Civ.App., which case is reported in 308 S.W.2d 608. That case certainly did not hold that the city had never adopted Civil Service Rules. It could not have been decided as it was, unless San Antonio had adopted Civil Service Rules. City of Sherman v. Arnold, 148 Tex. 516, 226 S.W.2d 620. Hence the proof is rebutted by the judgment of the very case from which the pleading was extracted. Substantially this same argument was made in Lombardino v. Firemen's and Policemen's Civil Service Commission, Tex.Civ. App., 310 S.W.2d 651. This record otherwise shows that San Antonio has adopted Civil Service Rules.

■ The argument that a policeman is a member of the unclassified service and that the Personnel Rules do not apply to him is also without merit. The basis for Harless' argument is that in Section 8 of the Personnel Rules adopted in 1952 by the City of San Antonio, it is provided that the unclassified service shall comprise, among other offices and positions: "Offices and employments and officers and employees of such classes or departments as are within the jurisdiction of any civil service statute of Texas." This section, says Harless, makes firemen and policemen members of the unclassified service. Harless then argues that the removal grounds stated in Section 120 of the Personnel Rules are applicable to employees in the classified service. He concludes that Section 8 of the Personnel Rules declares a policeman to be in the unclassified service, and that he may not be removed by provisions limited to an employee in the classified service.

The record shows that the Civil Service Commission on July 17, 1952, adopted these rules as the rules and regulations for the Firemen's and Policemen's Civil Service Commission. Moreover, certain specific provisions of the Personnel Rules make firemen and policemen subject to the suspension, removal, and trial procedures set forth in the rules.[1]

1. "Rule XX. Indefinite Suspension and Removal

"Section 119. Suspension Prior to Discharge. When it is the intention of the department head in the Fire and Police Departments to discharge an employee in the classified service, he shall first enter an order for suspension without pay. The period of suspension shall extend until the time allowed for an answer to the charges has lapsed, or if an appeal is taken to the District Court, then the suspension period shall extend until the written findings and recommendations of the court have been submitted.

"Section 120. Grounds for Removal. The following are declared to be grounds for removal of an employee from the classified service of the City:

\* \* \* \* \*

"Whose conduct was prejudicial to good orders;

\* \* \* \* \*

"Violation of any of the rules and regulations of the department, or of special orders, as applicable.

\* \* \* \* \*

"Section 122. Content of Written Statement. Said written statement shall state the civil service rule alleged to have been violated by the suspended employee, and shall state the alleged acts of the employee which the department head contends are in violation of the civil service rules. Said order of suspension shall also inform the employee that he has ten (10) days after receipt of a copy thereof, within which to appeal to the Commission.

"Section 123. Right of Appeal by Employee. Such suspended employee shall have the right of appeal and inquiry to the Commission. Employees of Fire and Police Departments (if dissatisfied with the decision of the Commission as a result of such inquiry, the suspended employee shall have further right of appeal as provided under Rule XXII of these rules).

"Section 124. Decision of Commission. Within ten (10) days from date of termination of inquiry, the Commission shall render a decision stating whether or not

Harless' complaint that the statement by the Chief of Police is too uncertain is without merit. In a carefully prepared statement the Chief charged Harless with violation of Section 120 of the Personnel Rules. Harless argues that Section 16, Article 1269m, forbids a department head from merely referring to the violated rule and requires that he specifically point out the acts about which he complains. In the statement, the Chief of Police first named Section 120 as the place where the rule was found. He then charged Harless with "conduct prejudicial to good order," and also "failure or refusal to carry out instructions." The Chief did not stop, but went further and named and quoted the Police Department Regulation with respect to the treatment of prisoners, and then went still further and specified the particular actions of Harless on September 16, 1957, in using unnecessary force upon a named prisoner by hitting and kicking him. A separate specification was that he verbally abused the same prisoner by cursing him. See Section 5, Art. 1269m.

Harless says he was unable to discover Section 120, because two other sets of Personnel Rules contain different provisions from those specifying grounds for suspension or removal of a fireman or policeman. The other Personnel Rules indeed are different, for they relate to persons under the

Municipal Civil Service, which is different from and immaterial to removal proceedings brought against a policeman.

The judgment is affirmed.

the suspended employee shall be permanently or temporarily dismissed from the classified service or be restored to his former position or status in the classified service, if a member of the Fire or Police Departments. * * *

"Section 128. Procedure before Commission. In order for an employee to appeal to the Commission, it shall only be necessary for him to file within ten (10) days from the date of the letter indefinitely suspending and/or removing the employee, excluding Sundays and holidays, with the Commission a statement denying the truth of the charge as made or a statement taking exception to the legal sufficiency of such charges and asking for a hearing by the Commission. In all hearings of every kind and character, the

employee shall have the right to be represented by counsel, and the witnesses may be placed under the rule. All such hearings shall be public and informal. The Commission shall have the authority to issue subpoenas for the attendance of witnesses. * * *

"Section 129. Appeal to District Court. In the event any employee in the Fire and Police Departments is dissatisfied with the decision of the Commission, he may, within ten (10) days, after the rendition of such final decision, file a petition in the District Court, asking that his order of suspension or dismissal be set aside, that he be reinstated in the classified service and such case shall be tried de novo."