**FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION OF the CITY OF FORT WORTH, et al, Petitioners,**

v.

**E. L. LOCKHART, Respondent.**

**No. C–501.**

Supreme Court of Texas.

Nov. 25, 1981.

Paul C. Isham, City Atty., Randall K. Price, Asst. City Atty., Fort Worth, for petitioners.

Farrar & Claunch, Jim Claunch, Fort Worth, for respondent.

BARROW, Justice.

This is a statutory appeal under article 1269m[1] brought by E. L. Lockhart from an order of the Firemen's and Policemen's Civil Service Commission of the City of Fort Worth (Commission) upholding the action of the Chief of Police in indefinitely suspending Lockhart from the police department. The trial court affirmed the action of the Commission. The court of civil appeals concluded that Lockhart was not given the proper notification as required by article 1269m, section 16. It reversed the judgment of the trial court and rendered judgment that Lockhart be reinstated. 616 S.W.2d 426. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

On December 5, 1979, the Chief of Police of Fort Worth formally advised the Commission that he had indefinitely suspended Officer Lockhart. Chief Hopkins filed with the Commission, after service of a copy upon Lockhart, a letter setting forth in specific detail the charges against Lockhart, including the two rules of the Fort Worth Police Department Code of Conduct violated by Lockhart and the evidence of the acts of misconduct of Lockhart. These acts, which were not denied by Lockhart, are described by the court of civil appeals in its opinion at pages 427 and 428 and need not be repeated here. Generally, the violations complained of arose from Lockhart's failure to advise the police dispatcher of his location while on duty and from his failure to respond to a shooting call heard by him on his radio concerning an incident occurring in the same building in which Lockhart was present. This building was outside his assigned territory. His presence there was unknown to the dispatcher and unauthorized.

After detailing the evidence and the two rules of the department violated by Lockhart, Chief Hopkins wrote: "[T]he facts as stated above convince me that Chapter V, Rule 5.7, and Chapter VII, Rule 7.3, of the Fort Worth Police Department Code of Conduct, were, in fact, violated by Officer Lockhart." The concluding paragraph of the Chief's letter stated: *"For these violations and in consideration of his record for the past six months, I therefore indefinitely suspended Officer E. L. Lockhart, I.D. 1573, such suspension effective December 5, 1979 at 1530 hours"* (emphasis added).

The question before us is whether the general reference to Lockhart's record for the past six months as contained in the concluding paragraph of the Chief's letter to the Commission renders the suspension fatally defective. We hold that it does not.

Article 1269m, section 16 provides in part:

The Chief or Head of the Fire Department or Police Department of the city government shall have the power to suspend indefinitely any officer or employee under his supervision or jurisdiction for the violation of civil service rules, but in every such case the officer making such order of suspension shall, within one hundred and twenty (120) hours thereafter, file a written statement with the Com-

1. All statutory references are to Texas Revised Civil Statutes Annotated.

mission, giving the reasons for such suspension, and immediately furnish a copy thereof to the officer or employee affected by such act, . . . .

The written statement above provided to be filed by the department head with the Commission, shall not only point out the civil service rule alleged to have been violated by the suspended employee, but shall contain the alleged acts of the employee which the department head contends are in violation of the civil service rules. It shall not be sufficient for the department head merely to refer to the provisions of the rules alleged to have been violated and in case the department head does not specifically point out the act or acts complained of on the part of such employee, it shall be the duty of the Commission promptly to reinstate him.

This statute requires that a department head refer to the violated rule and specifically point out the act or acts about which he complains. *See City of San Antonio v. Poulos,* 422 S.W.2d 140, 145 (Tex.1967). The majority of the Texas cases considering the sufficiency of a department head's written statement of charges deal with the failure to adequately refer the act or acts complained of to the violations alleged. A letter of suspension listing the specific rules allegedly violated and followed by a statement of facts in support of the allegations will be upheld. *See Nixon v. City of Houston,* 560 S.W.2d 447, 450 (Tex.Civ.App.— Houston [14th Dist.] 1977, writ ref'd n.r.e.); *Walker v. City of Houston,* 466 S.W.2d 607, 610–11 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ); *Harless v. Bichsel,* 327 S.W.2d 791, 793 (Tex.Civ.App.—San Antonio 1959, no writ). A common thread running through the above referenced cases is that substantial compliance is had with the requirement of article 1269m where the letter of suspension sufficiently apprises the officer of the charges against him and the facts relied upon to prove those charges. The courts recognize that this is a civil action administered by laymen and the charges need not meet the precision or technicality of a criminal indictment.

■ It cannot be seriously questioned that the detailed letter of Chief Hopkins fully apprised Lockhart of the charges against him and the facts relied upon to prove those charges. Lockhart urges, however, that the reference in the concluding paragraph of the Chief's letter to consideration of Lockhart's conduct over the past six months renders the letter fatally defective. Lockhart construes this reference as indicating that the Chief suspended him for unspecified acts which occurred during the six months preceding his suspension.

This argument fails for several reasons. The import of the Chief's reference to consideration of Lockhart's record over the past six months was in connection with the assessment of the proper penalty. The acts of misconduct upon which Chief Hopkins relied were expressly set forth in his letter of suspension. Moreover, the testimony before the Commission was clearly limited to acts supporting Lockhart's violation of the two specifically alleged rules of conduct. In fact, the only reference to Lockhart's prior record was an attempt by his attorney to prove by Lockhart's supervisor that Lockhart had previously received a commendation. There is no intimation that there were any adverse reports in the record.

■ It is established that an officer's prior record may be taken into consideration for the purpose of assessing punishment. *Vick v. City of Waco,* 614 S.W.2d 861, 863 (Tex.Civ.App.—Waco 1981, writ ref'd n.r. e.); *Bolieu v. Firemen's & Policemen's Civil Serv. Comm'n,* 330 S.W.2d 234, 236 (Tex. Civ.App.—San Antonio 1959, writ ref'd n.r. e.). *See also Jenkins v. Curry,* 154 Fla. 617, 18 So.2d 521 (1944); *Millburn Township v. Civil Serv. Comm'n,* 125 N.J. Law 521, 16 A.2d 824 (1940).

■ Furthermore, the Commission's order may properly be upheld because there is substantial evidence that Lockhart violated the two specific departmental rules as found by the Chief of Police. These violations, standing alone, support the action of the Chief of Police and the Commission in indefinitely suspending Lockhart. *See City*

 

*of Houston v. Melton,* 163 Tex. 294, 354 S.W.2d 387, 389 (1962); *City of Austin v. Villegas,* 603 S.W.2d 282, 284 (Tex.Civ.App. —Beaumont 1980, writ ref'd n.r.e.).

We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.