FIREMEN'S & POLICEMEN'S CIVIL SERVICE COMMISSION OF the CITY OF LAREDO, et al., Appellants,

v.

Roberto MARTINEZ, Appellee.

No. 16757.

Court of Appeals of Texas, San Antonio.

Oct. 27, 1982.

Rehearing Denied Nov. 17, 1982.

Eustorgio Perez, Anthony C. McGettrick, Office of the City Atty., Laredo, for appellants.

Julio Garcia, Garcia & Gonzalez, Laredo, for appellee.

Before CADENA, C.J., and CANTU and BASKIN, JJ.

## OPINION

BASKIN, Justice.

This is an appeal from a judgment ordering reinstatement of police officer Roberto Martinez. Appellants Homero A. Martinez, Vincente Garza, Jr., Fernando L. Pena and the Firemen's and Policemen's Civil Service Commission of the City of Laredo, (Commission), now seek reversal of the trial court's judgment and affirmance of a prior decision rendered by the Commission. The basic facts of the case are not in dispute.

Police Chief Victor L. Garcia indefinitely suspended Officer Martinez. He wrote a statement of charges, sending the original to the Commission, with a copy to Officer Martinez. The Commission upheld the decision of Chief Garcia, and Martinez appealed to the district court. After a hearing, including the taking of evidence, the trial court reversed the Commission's action and ordered reinstatement with back pay.

The statutory authority upon which this case is based, The Civil Service Act for Firemen and Policemen, Tex.Rev.Civ.Stat. Ann. art. 1269m (Vernon 1963), was enacted to protect municipal firemen and policemen. It recognizes that fire and police departments must be able to maintain discipline for the safety and welfare of the public, but it also protects firemen and policemen from harsh and unwarranted indefinite suspension by providing a method for such suspension by the appropriate fire or police officer, review by the Commission, and access to the courts for further review by the courts.

Section 16 of article 1269m, which provides for indefinite suspensions, is quoted in pertinent part:

The Chief or Head of the Fire Department or Police Department of the city government shall have the power to suspend indefinitely any officer or employee under his supervision or jurisdiction for the *violation of civil service rules,* but in every such case the officer making such

order of suspension shall, within one hundred and twenty (120) hours thereafter, file a written statement with the Commission, giving the reasons for such suspension, and immediately furnish a copy thereof to the officer or employee affected by such act, said copy to be delivered in person to such suspended officer or employee by said department head.

. . . The written statement above provided to be filed by the department head with the Commission, shall not only *point out the civil service rule alleged to have been violated* by the suspended employee, but shall contain the alleged acts of the employee which the department head contends are in violation of the civil service rules. It shall not be sufficient for the department head merely to refer to the provisions of the rules alleged to have been violated and in case the department head does not specifically point out the act or acts complained of on the part of such employee, it shall be the duty of the Commission promptly to reinstate him. In any civil service hearing hereunder, the department head is hereby restricted to his original written statement and charges, which shall not be amended, and no act or acts may be complained of by said department head which did not happen or occur within six (6) months immediately preceding the date of suspension by the department head. *No employee shall be suspended or dismissed by the Commission except for violation of the civil service rules,* and except upon a finding by the Commission of the truth of the specific charges against such employee. (Emphasis added.)

In the written statement explaining his action in suspending Officer Martinez indefinitely, Chief Garcia gave a clear and detailed statement of the acts of Martinez which brought about his suspension. The gist of the complaint was that Martinez refused to submit to a polygraph test which Chief Garcia had ordered him to take. We deem it unnecessary to go into further factual detail other than to state emphatically that Chief Garcia amply met the statutory obligation to set out the facts. Martinez

was fully apprised of the facts with which he was charged, and he makes no complaint in this regard.

In his written statement, Chief Garcia stated the following formal ground for the indefinite suspension:

Violation of Rule II, Section 2, letter "p. Deliberate insubordination to superior officer."

As is apparent, Garcia did not identify what rules or regulations he was citing and from which he was quoting. Article 1269m, section 16, makes it clear that a policeman can be indefinitely suspended only for violation of civil service rules and that the written statement filed by the department head must point out the civil service rule which has been violated.

Martinez, in his appeal from judgment and order of the Commission, pointed out that the charges and specifications as contained in the written statement were legally insufficient. The trial court's judgment is consistent with Martinez's position.

The appellants' two points of error are that the trial court erred in "holding that the omission of the words 'of the Rules and Regulations of the Civil Service Commission' deprived the appellee of his due process right to adequate notice of the violation for which he was indefinitely suspended," one of the points of error suggesting that this was a matter "within the rubric of *de minimis non curat lex.*" We cannot agree that the explicit language of section 16 is to be considered *de minimis.* When the legislature provides the manner in which a thing must be done, that is the way it must be done.

We have found no Texas case in which the question raised in this case is answered directly. Most of the cases under section 16 are concerned with the notice given to the suspended policeman or firefighter by the explanation of how the civil service rule was violated. Judge Barrow, speaking in *Firemen's & Policemen's Civil Service Commission of Fort Worth v. Lockhart,* 626 S.W.2d 492, 494 (Tex.1981) seems to agree:

This statute requires that a department head refer to the violated rule and specifically point out the act or acts about which he complains. *See City of San Antonio v. Poulos,* 422 S.W.2d 140, 145 (Tex.1967). The majority of the Texas cases considering the sufficiency of a department head's written statement of charges deal with the failure to adequately refer the act or acts complained of to the violations alleged. A letter of suspension listing the specific rules allegedly violated and followed by a statement of facts in support of the allegations will be upheld. *See Nixon v. City of Houston,* 560 S.W.2d 447, 450 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.); *Walker v. City of Houston,* 466 S.W.2d 607, 610–11 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ); *Harless v. Bichsel,* 327 S.W.2d 791, 793 (Tex.Civ. App.—San Antonio 1959, no writ).

*Id.* at 494. While in that case the Supreme Court spoke of substantial compliance with regard to the sufficiency of the factual description of the charges, it nowhere relieves the department head of the requirement to refer specifically to the violated rule. *See also City of San Antonio v. Poulos,* 422 S.W.2d 140, 145 (Tex.1968); *Bichsel v. Carver,* 159 Tex. 393, 321 S.W.2d 284, 287 (1959).

The legislature has provided a clear path by which an errant policeman who has violated a civil service rule may be indefinitely suspended. Failure to walk that well-illuminated path will result in reinstatement of the officer. We hold that the failure of Chief Garcia to refer to and quote the civil service rule claimed to be violated requires us to overrule the appellants' points of error.

The judgment is affirmed.