**CITY OF LAREDO, et al., Appellants,**

v.

**Gustavo GUERRERO, Appellee.**

No. 16802.

Court of Appeals of Texas,
San Antonio.

Jan. 12, 1983.

Rehearing Denied Jan. 31, 1983.

Eustorgio Perez, Anthony McGettrick, Laredo, for appellants.

Sharon Trigo, Laredo, for appellee.

Before CADENA, C.J., and BUTTS and CANTU, JJ.

OPINION

CADENA, Chief Justice.

Appellant, City of Laredo, appeals from a judgment of the trial court reversing the order of the Firemen's and Policemen's Civil Service Commission of the City of Laredo

and ordering that appellee Gustavo Guerrero, be reinstated as a policeman of such City and be paid back pay. We affirm.

On March 24, 1980, appellee was indefinitely suspended from the Laredo Police Department by Victor L. Garcia, Chief of Police. In an attempt to comply with the Civil Service statute, Tex.Rev.Civ.Stat.Ann. art. 1269m § 16 (Vernon 1963), a written statement of the reasons for the suspension was filed with the Civil Service Commission. After a hearing, the Commission affirmed the indefinite suspension of appellee. Appellee appealed to the district court which entered the judgment from which the City appeals.

Section 16 of the Civil Service statute provides that the written statement giving the reasons for the suspension "shall not only point out the civil service rule alleged to have been violated by the suspended employee, but shall contain the alleged acts of the employee which the department head contends are in violation of the civil service rules."

In this case the written statement alleged that appellee "violated Rule II, Section 2, letter 'g'. Intoxication off duty; and for [sic] letter 'v', conduct unbecoming an officer."

In an opinion not yet published, a panel of this Court held that the statement giving the grounds for suspension which charged that the suspended officer "violated Rule II, Section 2, letter 'p', Deliberate Insubordination to Superior Officer" was insufficient because it did not identify the rule as a "civil service rule." *Firemen's & Policemen's Civil Service Commission of the City of Laredo v. Martinez,* 643 S.W.2d 770 (Tex. App.—San Antonio, 1982). We follow that decision.[1]

It has been said that a suspension of a fireman or policeman under Article 1269m "is a civil action administered by laymen and the charges need not meet the precision or technicality of a criminal indictment." *Firemen's & Policemen's Civil Service Com-* *mission of the City of Fort Worth v. Lockhart,* 626 S.W.2d 492, 494 (Tex.1981). But such statements cannot be construed as permitting a failure to comply with the requirements of the statute. As pointed out in *City of San Antonio v. Poulos,* 422 S.W.2d 140, 145 (Tex.1967):

> The written statement required to be filed with the Commission by the Department Head, when he suspends an officer, need not be highly technical, but Section 16, Article 1269m does contain a simple requirement which in our opinion should be strictly followed. Said Section provides that the statement:
>
> ' * * *
>
> [S]hall not only point out the civil service rule alleged to have been violated by the suspended employee, but shall contain the alleged acts of the employee which the department head contends are in violation of the civil service rules ...'

The written statement in this case does not allege that appellee violated a civil service rule. It fails to "strictly" follow the "simple requirement" of Section 16.

Section 16 contemplates that the required written statement shall be filed with the Commission and immediately thereafter furnish a copy of such statement to the affected employee. If the statement had been addressed to the Commission, it might, perhaps be argued that it can reasonably be inferred that the rules alleged to have been violated were the civil service rules adopted by the Commission of the City of Laredo in exercising the authority granted by Article 1269m § 5. The written statement in this case, however, was addressed to appellee, not to the Commission.

The judgment of the trial court is affirmed.

CANTU, Justice, specially concurring.

I am in accord with the majority opinion and remain convinced that *Firemen's & Policemen's Civil Service Commission of the*

---

1. In his fourth "cross point," appellee argues in support of the judgment below, that the chief's written statement, although it alleges a viola-tion of "Rule II," fails to "specify what rules" appellee violated, and does not charge a violation of "Civil Service Rules."

*City of Laredo v. Martinez,* 643 S.W.2d 770 (Tex.App.—San Antonio, 1982) was correctly decided.

Ordinarily there would be little need for additional commentary when joining a majority decision. However, in the instant case the dissenting opinion advocates a result contrary to well documented human experience which the majority opinion fails to address. Lest it be believed that such a position cannot be responded to I shall briefly address it.

The dissent engages in fiction when it states that an officer or fireman charged with a violation necessarily knows that the violation refers to the Civil Service Act and that the charging party will always rely upon Civil Service rules.

A cursory examination of the case law touching upon Tex.Rev.Civ.Stat.Ann. art. 1269m (Vernon 1963) clearly reveals that attempted suspensions and dismissals were often made because of alleged violations of City personnel rules, departmental rules, regulations, special orders and other sundry rules and regulations. *See Talent v. City of Abilene,* 508 S.W.2d 592 (Tex.1974) (special written order from fire chief); *City of San Antonio v. Poulos,* 422 S.W.2d 140 (Tex. 1968) (Civil Service Rules and Police Department Regulations); *Nixon v. City of Houston,* 560 S.W.2d 447 (Tex.Civ.App.— Houston [14th Dist.] 1977, writ ref'd n.r.e.) (Civil Service Rules *and* Houston Police Department Rules); *Bryant v. City of San Antonio,* 464 S.W.2d 888 (Tex.Civ.App.— San Antonio 1971, no writ) (City Personnel Rules and Police Department Rules); *Harless v. Bichsel,* 327 S.W.2d 791 (Tex.Civ. App.—San Antonio 1959, no writ) (Civil Service Commission adopted City's Personnel Rules).

Admittedly, some of these divers and sundry rules, regulations and special orders were engrafted into Civil Service rules by special adoption. Article 1269m, § 5. But a city is under no compulsion to incorporate into its Civil Service rules all preexisting departmental rules, regulations and special orders, nor may we assume that they have. It is entirely possible that a Civil Service Commission was implemented by a city as provided for under the provisions of article 1269m, *supra,* without wholesale incorporation of preexisting rules and regulations.

While agreeing with the dissent that a policeman or fireman cannot [validly] be disciplined unless the procedures outlined in article 1269m are followed, I refuse to believe that no effort will ever be made to discipline for infractions outside the scope of adopted rules, regulations or special orders.

The legislature refused to impute this knowledge to the city employee and nothing in the dissent convinces me that this Court, or any court for that matter, should impose a "bound to know" burden upon the employee when in fact the burden is placed upon the accusing party. *See* article 1269m, § 16.

Finding little logic in the dissent I continue to adhere to our prior holding in *Martinez* as followed by the majority opinion.

BUTTS, Justice, dissenting.

This court in its majority opinion adheres to its ruling in an earlier case (*Martinez* cited therein) with which I disagree, that failure of the City to allege the appellee violated a *civil service rule* vitiates the review of an administrative decision and voids the proceedings. I respectfully dissent for the following reasons.

Tex.Rev.Civ.Stat.Ann. art. 1269m, enacted in 1947, established the Firemen's and Policemen's Civil Service in this state. The entire act, which has been amended several times since, spells out the terms and conditions of civil service for these public servants. It provides for a Firemen's and Policemen's Civil Service Commission and for a Director of that Commission in qualified cities. Its declared purpose is to promote efficient police and fire departments with capable personnel. The point of these seemingly obvious statements is that *only firemen and policemen* of qualified cities are affected by these statutes: it is *their* civil service. They cannot be charged with infractions related to their duties *unless* the

**584**

procedures outlined in their Civil Service Act are followed. No other act and no other rules may be invoked when the purpose is to suspend or discharge an officer protected by this Act. Thus, when an officer receives a written statement charging him with violation of one or more rules and seeking his suspension, he knows the specified rule or rules he is alleged to have violated refers to the Civil Service Act, *supra* of his city. There can be no other procedure, Tex.Rev.Civ.Stat.Ann. art. 1269m (Vernon 1963).

I would hold that the reference to a rule infraction in the notice to officer Guerrero necessarily referred to that city's civil service rules. This is logical because the violation must specify the city's rule in order to invoke the jurisdiction of the Laredo Firemen's and Policemen's Civil Service Commission. While it may be better practice to cite the rule's title, the omission of the words "Firemen's and Policemen's Civil Service Commission of the City of Laredo" should not be fatal.

The majority's rule subjects substantial evidence reviews to the stringency of criminal law. This is not an indictment to be so scrutinized; this is a civil service hearing review. *Bolieu v. Firemen's & Policemen's Civil Service Commission,* 330 S.W.2d 234, 236 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.). I would hold, under these circumstances, there was adequate notice; the officer was not mislead by the omission of the name, "Firemen's and Policemen's Civil Service Commission of the City of Laredo." Further, this is a civil action administered by laymen in which the substantial evidence standard applies. Our appellate courts have never required charges that meet the precision of an indictment.

It is my belief that the court's highly restrictive ruling effectively denies the stated purpose of the Legislature and interprets that body's intent to be to protect a policeman's employment more stringently than its intent to protect his right to life and liberty if he were charged by indictment with a criminal offense. Accordingly, I respectfully dissent.