James C. VALENTINO, Appellant,

v.

CITY OF HOUSTON, Appellee.

No. 01–83–0085–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 7, 1984.

Rehearing Denied June 28, 1984.

D. Reid Walker, Lohmann, Glazer & Irwin, Houston, for appellant.

John E. Fisher, Houston, for appellee.

Before BULLOCK, JACK SMITH and DUGGAN, JJ.

OPINION

BULLOCK, Justice.

This suit was brought by an officer of the Houston Police Department under § 18 of article 1269m, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1982–1983), to set aside an order of the Civil Service Commission indefinitely suspending (firing) him from the police department. Trial was to the court which held that there was substantial evidence to affirm the Commission's order.

We affirm.

On the evening of January 29, 1981, the appellee and another Houston police officer, Charles Brinkmeyer, were completing their extra employment jobs as security officers at the downtown Sears store. The juvenile complainant, along with others, had robbed and injured a female citizen on the sidewalk of the store. Officer Brinkmeyer began to give chase on foot. Another off-duty police officer, David Sheetz, who happened to be sitting in his truck at the store's parking lot, pursued the suspect in the truck. Officer Sheetz apprehended the suspect at a nearby drive-in restaurant and turned the prisoner over to Officer Brinkmeyer. Officer Sheetz was accompanied during the chase by a female civilian, Grace McLemore. Officer Valentino had also engaged in the chase, but in a different direction and, upon approaching the scene, walked up to the prisoner at a rapid pace. The prisoner, according to Officer Valentino, attempted to kick him in the groin. Officer Valentino struck the complainant in the face, rendering him unconscious.

The prisoner was ultimately placed in the Texas Youth Council for aggravated robbery. He brought charges against both the appellee and Officer Brinkmeyer for violating his civil rights, alleging that

Brinkmeyer also struck him. Officer Brinkmeyer was also terminated by the Civil Service Commission, but his suspension was overturned by a district court which entered judgment for him, granting reinstatement with all back pay and benefits. The Civil Service Commission then appealed the *Brinkmeyer* decision to this court, and we affirmed in an unpublished opinion, No. 01–82–0823–CV, issued March 31, 1983, which held that the order of the Civil Service Commission did not show facts, in existence as of the time the Commission's order was entered, of a substantial nature as to reasonably support that order. Writ of error was granted, and on January 4, 1984, the Texas Supreme Court delivered the opinion of *Fireman's and Policemen's Civil Service Commission, et al, v. Charles R. Brinkmeyer*, 662 S.W.2d 953 (1984), reversing the judgments of this court and the trial court, and affirming the decision of the Civil Service Commission which had ordered Brinkmeyer's indefinite suspension. Although the *Brinkmeyer* appeal and the instant appeal arise out of the same general factual context, both appellate records have been reviewed separately and independently.

The appellant's first point of error is as follows:

> The trial court erred in holding that the order of the firemen's and policemen's civil service commission, which upheld plaintiff's indefinite suspension, was supported by substantial evidence.

Art. 1269m § 18 Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1982–1983) provides, in relevant part:

### APPEAL TO DISTRICT COURT

Sec. 18. In the event any Fireman or Policeman is dissatisfied with any decision of the Commission, he may, within ten (10) days after the rendition of such final decision, file a petition in the District Court, asking that the decision be set aside, *and such case shall be tried de novo.* (Emphasis supplied).

Justice Robertson, reviewing the pertinent authorities, in *Brinkmeyer, supra*, states:

Although Section 18 of art. 1269m provides that a decision by the Civil Service Commission may be appealed for a trial de novo in district court, the case law has interpreted this to mean a review under the substantial evidence rule. In this context, trial de novo means "a trial to determine only the issues of whether the agency's rule is free of the taint of any illegality and is reasonably supported by substantial evidence." *Fire Department of City of Forth Worth v. City of Fort Worth*, 141 Tex. 505, 217 S.W.2d 664, 666 (1949). The reviewing court must inquire whether the evidence introduced before it shows facts in existence at the time of the administrative decision which reasonably support the decision. *Kavanaugh v. Holcombe*, 312 S.W.2d 399, 403 (Tex.Civ.App.—Houston 1958, writ ref'd n.r.e.).

*Brinkmeyer* also is authority for how the substantial evidence rule is applied in that any difficulty applying the rule in cases such as the instant case arises from the dual role the trial court must play. On one hand, the court must hear and consider evidence to determine whether reasonable support for the administrative order exists. On the other hand, the agency itself is the primary fact-finding body, and the question to be determined by the trial court is strictly one of law. See also, *Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks*, 150 Tex. 433, 242 S.W.2d 181, 183 (1951). Thus, while the reviewing court is to a certain extent a fact-finder, it may not substitute its judgment for that of the agency on controverted issues of fact. *Trapp v. Shell Oil Co.*, 145 Tex. 323, 198 S.W.2d 424 (1946). When there is substantial evidence which would support either affirmative or negative findings, the administrative order must stand, notwithstanding the agency may have struck a balance with which the court might differ. *Gerst v. Goldsbury*, 434 S.W.2d 665, 667 (Tex.1968). The trial court may not set aside an administrative order merely because testimony was conflicting or disputed or because it did not compel the result reached by the agency. Resolution

of factual conflicts and ambiguities is the province of the administrative body, and it is the aim of the substantial evidence rule to protect that function. The reviewing court is concerned only with the reasonableness of the administrative order, not its correctness. *Cusson v. Firemen's and Policemen's Civil Service Commission of San Antonio*, 524 S.W.2d 88, 90 (Tex.Civ. App.—San Antonio 1975, no writ).

> *Brinkmeyer, supra,* also shows us that: The reviewing courts need not consider "incredible, perjured, or unreasonable testimony because such evidence is not substantial." *Trapp v. Shell Oil Company,* [145 Tex. 323] 198 S.W.2d [424] at 440 [1946]. However, the reviewing court may go no further than to examine the evidence for these infirmities. If there is substantial evidence which supports the order, the courts are bound to follow the discretion of the administrative body.

Against this background, we review the appellant's contention that the trial court erred in holding that the Commission's order of indefinite suspension was supported by substantial evidence.

Initially, the appellant urges that "[t]here is no evidence (substantial evidence) to show that the events alleged occurred in the year 2981 or on January 27, 1981." The appellant is apparently referring to the original written statement of the charges which consists of an inter-office correspondence from Chief of Police B.K. Johnson to the Firemen's and Policemen's Civil Service Commission of the City of Houston. Therein, the following language is found:

> \* \* \* \* \* \*
>
> Officer Valentino has been suspended for his conduct in an episode which occurred while he was engaged in his off-duty employment on Thursday, January 29, *2981.*
>
> \* \* \* \* \* \*
>
> This indefinite suspension arises out of the arrest of a juvenile, [R.C.], on January *27,* 1981. (Emphasis supplied).

The remainder of the correspondence consists of a detailed summary of the episode and the Civil Service Rules which were allegedly violated.

The appellant refers this court to the following portion of § 16 of the Act, *supra,* urging that the "specific charges as alleged in the notice of suspension are not true as regards the date of the incident":

> ... In any civil service hearing hereunder, the department head is hereby restricted to his original written statement and charges, which shall not be amended ... No employee shall be suspended or dismissed by the Commission *except ... upon a finding by the Commission of the truth of the specific charges against such employee.* (Emphasis supplied).

The appellee, on the other hand, takes the position that both erroneous references to the date of the episode "were apparently typographical errors."

■ The cases cited by the appellant by way of analogy to indictment law are not controlling. "Courts [have] recognized that this is a civil action administered by laymen and the charges need not meet the precision or technicality of a criminal indictment." *Firemen's and Policemen's Civil Service Commission of the City of Fort Worth, et al v. Lockhart,* 626 S.W.2d 492 (Tex.1981).

"Substantial compliance is had with the requirement of article 1269m where the letter of suspension sufficiently apprises the officer of these charges." *Id.* The letter in question specifically pointed out the act complained of, which rules were violated, but nevertheless erroneously stated on two occasions the date when the incident occurred (i.e., January 29, *2981* and January *27,* 1981). The record reflects, however, that the appellant was unquestionably aware of the episode in question, as evidenced by his description of what transpired, his testimony that he had worked at Sears on January 29, 1981, but not on January 27, 1981, and that he had no contact with the complainant on the latter date.

■ We hold that the letter sufficiently apprised the appellant of the charges against him and the facts relied upon in

support thereof. Thus, the statutory purpose of the letter, as that purpose was viewed by the Texas Supreme Court in *Lockhart, supra,* was satisfied. Furthermore, authority exists to support the proposition that these typographical errors could have been corrected, and such correction would not violate the prohibitory language of § 16, *supra,* addressing amendments to the original written statement and charges. *Civil Service Commission of City of Lufkin v. Crager,* 384 S.W.2d 381, 384 (Tex. Civ.App.—Beaumont 1964, writ ref'd n.r. e.). Also, see *Bichsel v. Carver,* 159 Tex. 393, 321 S.W.2d 284 (1959).

■ As previously mentioned, the issue presented herein is whether the Commission's order is reasonably supported by substantial evidence. That is, could reasonable minds have reached the Commission's conclusion based on the evidence presented to the trial court? *Fire Department of City of Fort Worth, supra; Kavanaugh, supra; Brinkmeyer, supra.* We hold that there is substantial evidence to support the Commission's order; this evidence is as follows:

1) Contrary to the testimony of Officer Brinkmeyer that the complainant lunged forward immediately prior to Officer Valentino's punch, Grace McLemore and Officer Besson stated that the complainant did not move forward prior to the time Officer Valentino struck him.

2) No witnesses, including Officer Brinkmeyer, testified that they saw the complainant attempt to kick Officer Valentino, although there was testimony that their view of the complainant from the waist down was obscured.

3) Grace McLemore testified that Officer Valentino looked angry as he approached the complainant, having previously seen the female robbery victim who was shaken, hysterical and screaming.

4) Testimony that the lighting was good.

5) After the punch, one of the other officers warned Officer Valentino to stop because there were witnesses watching.

The record before this court, although it certainly does not compel the conclusion reached by the Commission, is sufficient to withstand a "substantial evidence" attack. Clearly, reasonable minds, discounting the "self defense" version of the episode in favor of the other witness' testimony, could also have reached the Commission's conclusion. Under the applicable standard of review, nothing further is required. The appellant's first point of error is overruled.

The appellant's second point of error is as follows:

The trial court erred in refusing to hold that the Commission should have ordered the statements of [R.C.] produced to plaintiffs.

Section 17 of art. 1269m, *supra,* provides in relevant part: · ·

The employee may request the Commission to subpoena any books, records, documents, papers, accounts, or witnesses that the employee considers pertinent to his case. The request to have materials subpoened must be made at least ten (10) days before the date of the hearing. If the Commission does not subpoena the requested material, at least three (3) days prior to the hearing date, it shall make a written report to the employee stating the reason it will not subpoena the requested material, and this report shall be read into the public records of the Commission hearing.

Pursuant to this section, the appellant requested that all written and oral statements of the complainant be produced at the Commission hearing:

SUBPOENA AND SUBPOENA
DUCES TECUM

8) Pursuant to Section 17 of Article 1268m, V.A.T.S., the employee requests the Commission to subpoena the following:

a) [R.C.]
Presently in Police custody

\* \* \* \* \* \*

k) A copy of all written statements made by the above listed witnesses or any and all documentation which serves as a

record of any oral statements made by any of the above listed witnesses;

*   *   *   *   *   *

The appellant's request was denied by the Commission:

Pursuant to Section 17 of Article 1269m Tex.Rev.Civ.Stat. the Firemen's and Policemen's Civil Service Commission of the City of Houston has declined to issue a subpoena for the documents which you specified in your notice of appeal. *This refusal has been made in part because the subpoena does not sufficiently identify the requested records or the custodian of the specified records.* The Commission has inferred that you seek, in fact, without so designating, the Internal Affairs Division files to relative to the investigation pertaining to Officer Valentino. To the extent that your subpoena constitutes a request for the files of the Internal Affairs Division, the request for the issuance of the subpoena has been denied. *It is the Commission's opinion that those files constitute a work product associated with the preparation of the case by the Legal Department of the City of Houston.* You are being informed of this decision of the Commission at least three days prior to the hearing, which is scheduled on Tuesday, May 26, 1981. (Emphasis supplied).

Initially, it must be noted that neither party called the complainant as a witness in the district court proceeding. In this respect, one cannot impeach a witness by a prior inconsistent statement if the witness does not testify.

Secondly, it has been consistently held that a proceeding of this type is in the nature of a civil, rather than a criminal, proceeding. *Lockhart, supra; City of Houston v. Dillon,* 596 S.W.2d 212 (Tex. Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). As such, in the absence of legislative guidelines addressing when the Commission could decline to subpoena materials, it follows that the Texas Rules of Civil Procedure could be consulted for guidance. In this respect, Tex.R.Civ.Pro. 186a specifically exempts materials which constitute "work product":

Provided, however, . . ., the rights herein granted shall not extend to the work product of an attorney or to communications passing between agents or representatives, or the employees, where made subsequent to the occurrence or transactions upon which the suit is based, and made in connection with the prosecution, investigation, or defense of such claim, or the circumstances out of which same has arisen, and shall not require the production of written statements of witnesses or . . . information obtained in the cause of an investigation of a claim or defense by a person employed to make such investigation.

It is apparent that the above rule mandates that witnesses' statements and other investigative products are not subject to discovery. Also see 2 R. McDonald, *Texas Civil Practice* § 10.03 (1970 ed.). The information suppressed by the City at the Commission hearing consisted of a letter prepared by the investigating officer of the Internal Affairs Division of H.P.D. This letter constitutes a "work product" and is not subject to discovery for that reason.

In the face of this "work product" exemption, it is easily understood why the appellant attempts to urge by analogy, but without authority, the mandate of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) which requires the disclosure to the accused in a criminal proceeding any favorable evidence in the prosecutor's possession. However, to whatever extent the Texas Rules of Civil Procedure apply, the witnesses' statements and other investigative products in this civil proceeding are not subject to discovery. *Allen v. Humphreys,* 559 S.W.2d 798 (Tex.1977).

The appellant's second point of error is overruled.

The appellant's third point of error is as follows:

The trial court erred in upholding the termination of plaintiff because such punishment was unreasonably severe.

The appellant, under this point, views the issue as "whether it is reasonable to terminate [him] under the circumstances of this

case based upon the evidence adduced." Concluding that the punishment imposed was unreasonable, the appellant asks this court to "assess a specific suspension without pay, followed by [his] reinstatement with HPD." However, the appellant does not cite this court to an authoritative declaration which would permit it to reduce the punishment as requested.

■ Neither this court, nor the district court, has the authority to reduce the punishment recommended by the department head. The trial court's power "is limited to either upholding or setting aside the Commissioner's Order, and no authority is conferred upon the court to substitute its own for the Commissioner's discretion." *Fire Department v. City of Fort Worth, supra,* 217 S.W.2d at 666–667.

■ In a case such as this, the department head (here, the Chief of Police) is burdened with the initial responsibility of making a recommendation for disciplinary action, and the Civil Service Commission is required to hold a hearing to determine whether the punishment recommended is appropriate under the circumstances. See art. 1269m, *supra,* § 16. The courts should not interfere with these matters of internal administration absent a showing of abuse of authority. *City of Carrollton v. Keeling,* 560 S.W.2d 488 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). Indefinite suspensions are clearly within the authority of the department heads and the Commission. See § 16, *supra.*

When confronted with a similar challenge addressing the severity of punishment, the San Antonio court made the following comments:

> The Commission is charged by law with the discretion to set penalty where it finds that the charges made by the Department Head are true. Our authority is limited to a determination of whether the proceedings were illegal, or were not supported by substantial evidence. [Appellant] has not shown either here.

*Bryant v. City of San Antonio,* 464 S.W.2d 888 (Tex.Civ.App.—San Antonio 1971, no writ).

■ Valentino had the burden of demonstrating that the Commission's order was not supported by substantial evidence. Having failed to prove otherwise, we must presume that the rules provided for his suspension. *City of Carrollton, supra.* The propriety of a particular disciplinary measure to maintain discipline and good order is a matter of internal administration with which the courts should not interfere in the absence of clear abuse of authority. The suspension of Officer Valentino is a severe penalty, but choice of penalty:

> is to be made by the Commission, not by this or any other court. The Commission is charged by law with discretion to set the penalty where it finds that the charges made by the Department Head are true. *Brinkmeyer, supra.*

The appellant's third point of error is overruled.

The appellant's fourth and final point of error is as follows:

> The trial court erred in refusing to file findings of fact and conclusions of law.

■ The very nature of review under the substantial evidence rule inherently precludes the necessity of filing findings of fact. Indeed, there are no "facts" to be found by the trial court; that reviewing body must defer to the fact-finding of the administrative body and limit its inquiry simply to whether there exists substantial evidence to reasonably support the particular order. Thus, the question presented to the district court is one of law, not of fact. *City of Wichita Falls v. Fowler,* 555 S.W.2d 920 (Tex.Civ.App.—1977, no writ).

■ What is the appropriate conclusion of law for a substantial evidence review? The answer again is that substantial evidence must exist to reasonably support the administrative order. The record reflects that such a recitation is contained in the trial court's final judgment:

> The Court, after reviewing the ruling of the Civil Service Commission, the pleadings on file, the evidence presented and the arguments of counsel, is of the opinion, and so finds as a matter of law, that

the order of the Firemen's and Police-men's Civil Service Commission uphold-ing Plaintiff's indefinite suspension is supported by substantial evidence and therefore is, in all things, sustained and affirmed.

In addition, the docket entry also contains conclusions of law addressing issues raised in the district court including, *inter alia,* certain matters raised in this appeal:

This case came to trial before the Court de novo from an admin proceeding (Civil Service Comm) under the substantial evidence rule. The Court heard testimony until and including 9/10/82, having recessed on 9/9/81 [sic], the Court finds as a matter of law, the following:

a) failure of City to produce [R.C.'s] prior statements not shown to be violations of constitutional safeguard without showing that statement would have substantially changed evidentiary hearing below.

b) [Appellant] had "fair" and adequate notice of dates and offense.

c) statute under which agency proceeded not unconstitutional in application, there being no showing of abuse of authority or discretion, therefore, punishment proper.

d) reasonable minds could reach the conclusion that agency reached, order reasonably supported by substantial evidence.

Having reached the conclusion contained in the judgment recitation and the docket entry (section d), "the trial court was not required to file findings of fact and conclusions of law as it would be required to do in an ordinary civil suit." *Tilley v. Rogers,* 405 S.W.2d 220 (Tex.Civ.App.—Beaumont 1966, writ ref'd n.r.e.). Also, see *City of Pasadena v. Barron,* 567 S.W.2d 73 (Tex. Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.).

The appellant's fourth and final point of error is overruled, and the judgment is affirmed.

For Publication. TEX.R.CIV.P. 452(b).